UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kurt Beseke,<br><br>   Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc. and Credit Management, LP,<br><br>   Defendants. | Case No. 11-1263 (DSD/FLN)<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Amended Complaint of Kurt Beseke ("Plaintiff"), states as follows:

### PRELIMINARY STATEMENT

1. In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff purports to bring claims against Experian and Credit Management, LP based on failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to Plaintiff's credit reports. Experian states that these are legal conclusions that are not subject to denial or admission. To the extent that an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

### PARTIES

2. In response to Paragraph 2 of the Complaint, Experian admits, upon assumption and belief, that Plaintiff is a natural person and resident of Forest Lake, County of Anoka, Minnesota, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. In response to Paragraph 3 of the Complaint, Experian admits that it is

442954.1

qualified to do business and does conduct business in the State of Minnesota.  Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 3 of the Complaint.

     4.     In response to Paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

     5.     In response to Paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681 *et seq.* and 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims under 28 U.S.C. § 1367.  Experian states that these are legal conclusions that are not subject to denial or admission.  To the extent that an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

     6.     In response to Paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged venue based on the 28 U.S.C. § 1391.  Experian states that this is a legal conclusion that is not subject to denial or admission.  To the extent that an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

7. In response to Paragraph 7 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every

allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every

allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Experian is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  As to the allegations in Paragraph 21 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  As to the allegations in Paragraph 22 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 22 of the Complaint.

**TRIAL BY JURY**

23. In response to Paragraph 23 of the Complaint, Experian states that the allegations contained in Paragraph 23 are legal conclusions and therefore are not subject to a denial or admission. To the extent than an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b) and 1681i**
**EXPERIAN**

24. Experian incorporates Paragraphs 1 through 23 above as if fully included herein.

25. In response to Paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Experian states that the allegations contained in Paragraph 27 are legal conclusions and therefore are not subject to a denial or admission. To the extent than an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Experian states that the

allegations contained in Paragraph 29 are legal conclusions and therefore are not subject to a denial or admission. To the extent than an answer is required, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)
### CREDIT MANAGEMENT

30. Experian incorporates Paragraphs 1 through 29 above as if fully included herein.

31. In response to Paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 31 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Experian states that the allegations contained in Paragraph 32 are legal conclusions and therefore are not subject to a denial or admission. To the extent than an answer is required, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in Paragraph 32 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 33 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Experian states that the allegations contained in Paragraph 34 are legal conclusions and therefore are not subject to a denial or admission. To the extent than an answer is required, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in Paragraph 34 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 34 of the Complaint.

35.     Experian denies that Plaintiff is entitled to any relief. Experian further denies, generally and specifically, each and every allegation not specifically addressed in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
**(Failure to State a Claim Against Experian)**

36.     The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Experian and further fails to state

facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Experian.

## SECOND DEFENSE
### (Immunity)

37. Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD DEFENSE
### (Truth/Accuracy)

38. Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH DEFENSE
### (Plaintiff's Negligence, Willful or Tortious Acts, and Comparative Fault)

39. If Plaintiff has suffered or will suffer any damages as alleged in the Complaint, such damages have been and will be proximately caused, in whole or in part, by the negligence, willful, or tortious acts or omissions and comparative fault of Plaintiff, which acts or omissions equal or exceed any alleged wrongdoing by Experian and which bar or diminish any recovery by Plaintiff against Experian.

## FIFTH DEFENSE
### (Third Parties' Negligence, Willful or Tortious Acts, and Comparative Fault; Indemnification)

40. If Plaintiff has suffered or will suffer any damages as alleged in the Complaint, such damages have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions and comparative fault of persons or entities over whom Experian had no control, and for whose conduct Experian is not responsible, which bars or diminishes any recovery by Plaintiff against Experian.

## SIXTH DEFENSE
### (Failure to Mitigate Damages)

41. At all relevant times herein, Plaintiff's alleged damages, which Experian denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## SEVENTH DEFENSE
### (Laches)

42. The Complaint and each claim for relief therein is barred by laches.

## EIGHTH DEFENSE
### (Estoppel)

43. Any damages that Plaintiff may have suffered, which Experian continues to deny, directly and proximately resulted from Plaintiff's conduct. Therefore, Plaintiff is estopped and barred from pursuing the claims alleged in the Complaint against Experian and from recovery of any damages whatsoever against Experian.

## NINTH DEFENSE
### (Statue of Limitations)

44. Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to those set forth in 15 U.S.C. § 1681p.

## TENTH DEFENSE
### (Unclean Hands)

45. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE
### (Intervening Cause)

46. Plaintiff's alleged damages, which Experian continues to deny, were not

caused by Experian but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiff.

## TWELFTH DEFENSE
### (Waiver)

47. By his conduct, Plaintiff has waived his right, if any, to pursue the claims alleged in the Complaint, and has waived any right to damages or relief, a purported right that Experian continues to deny, under the Complaint.

## THIRTEENTH DEFENSE
### (Right to Assert Additional Defenses)

48. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, Defendant Experian Solutions, Inc. prays as follows:

1. That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. That Experian be awarded costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

Dated:  June 21, 2011

**s/Gregory J. Myers**
Gregory J. Myers, MN #287398
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Fax:  (612) 339-0981
gjmyers@locklaw.com

Amber L. Merl
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215-2673
Telephone:  (614) 281-3939
Fax:  (614) 461-4198
almerl@jonesday.com

*Attorneys for Defendant Experian Information Solutions, Inc.*